UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANNE MARIE MARCHI, <br><br> Plaintiff, <br><br> v. <br><br> HUDSON CITY SAVINGS BANK, <br><br> Defendant. | Civ. No. 15-5725 (KM) <br><br> OPINION |

**KEVIN MCNULTY, U.S.D.J.:**

Now before the court is the motion of defendant M&T Bank to dismiss the amended complaint, which the court, after giving due notice, converted to a motion for summary judgment pursuant to Fed. R. Civ. P. 12(d) and 56. For the reasons expressed herein, the motion will be granted.

I. **BACKGROUND**

A. **Procedural History**

The original complaint was filed on July 23, 2015. (ECF no. 1) Ms. Marchi sued Hudson City Savings Bank as mortgagee in connection with a mortgage secured by her condominium unit in Wanaque, New Jersey (the "Property"). Hudson moved to dismiss the complaint for failure to state a claim. (ECF no. 4) In response, Ms. Marchi expressed the intent to amend her claims and add other parties. I therefore terminated the motion to dismiss and directed Ms. Marchi to file an amended complaint. (ECF no. 8) No amended complaint was forthcoming. On May 13, 2016, I entered an order giving Ms. Marchi 30 days to file an amended complaint containing any and all claims she wished to assert, and naming any and all defendants she wished to sue. (ECF no. 12)

1

On June 13, 2016, Ms. Marchi filed her First Amended Complaint. (ECF no.13, referred to herein as the "Complaint" and cited as "1AC") This Complaint states that Hudson City merged into M&T Bank in December 2015, and names M&T as defendant. The Complaint also names Bank of America, N.A. ("BOA"), as the lender on a 2009 home equity line of credit (HELOC) secured by the Property.[1] The Complaint invokes the court's diversity jurisdiction under 28 U.S.C. § 1332(a). It asserts a single cause of action for common-law fraud under New Jersey state law, which may be read to include a claim under the New Jersey Consumer Fraud Act ("NJCFA"), N.J. Stat. Ann. § 56:8-1 *et seq.*[2]

On August 26, 2016, M&T filed a motion under Fed. R. Civ. P. 12(b)(6) to dismiss the amended complaint for failure to state a claim. (ECF no. 17) Ms. Marchi filed no response. I reviewed the motion and noted that it attached four exhibits extraneous to the pleadings. (ECF no. 17-2, Exs. A–D)

The mortgage and note attached by M&T would surely be properly considered on a Rule 12(b)(6) motion.[3] More doubtful are the other two

---

[1]    Bank of America is not a movant here. There is no proof that it was ever served.

[2]    The single count of the Complaint is titled "First Cause of Action—Common Law Fraud," and it cites the elements of the common law tort, but it also repeatedly cites and discusses the NJCFA. (1AC ¶¶ 38–42, 52–53)

[3]    The mortgage and note are the very foundation of the complaint. Exhibits attached to or integral to a complaint are properly considered on a Rule 12(b)(6) motion.

> Although phrased in relatively strict terms, we have declined to interpret this rule narrowly. In deciding motions under Rule 12(b)(6), courts may consider "document[s] integral to or explicitly relied upon in the complaint," *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (emphasis in original), or any "undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document," *PBGC v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

*In re Asbestos Products Liability Litigation (No. VI)*, 822 F.3d 125, 134 & n.7 (3d Cir. 2016); *see also Schmidt v. Skolas,* 770 F.3d 241, 249 (3d Cir. 2014) ("a 'document integral to or explicitly relied upon in the complaint' may be considered 'without converting the motion to dismiss into one for summary judgment.' "); *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196 (3d Cir. 1993).

2

documents (a 2003 loan modification agreement and November 8, 2015 letter informing Ms. Marchi that the loan was transferred from Hudson to M&T). There was no reason to press the procedural point, however. I was more concerned that this *pro se* plaintiff be given a fair opportunity to respond, so out of caution I elected to convert the motion to one for summary judgment, pursuant to Rule 12(d):

> (d) Result of Presenting Matters Outside the Pleadings. If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d).

On January 20, 2017, I entered an order informing Ms. Marchi that the motion would be treated as one for summary judgment, and giving her a "reasonable opportunity" to present material in opposition:

> [D]efendant's motion to dismiss will be treated as one for summary judgment under Fed. R. Civ. P. 56 pursuant to Fed. R. Civ. P. 12(d) and plaintiff, if she intends to oppose defendant's motion, shall submit any written opposition within 21 days, i.e., on or before February 10, 2017. If she fails to do so, the motion may be granted as unopposed.

(ECF no. 18) As of today, February 14, 2017, there has been no response from Ms. Marchi.

### B. Allegations of the Complaint

On December 20, 2011, Ms. Marchi executed a fixed-rate promissory note and first mortgage, secured by the Property, in the amount of $165,000, at 6.625%. (1AC ¶ 13. Copies of the note and mortgage are at ECF no. 17-2 Exs. B & C.) The lender was Hudson City Savings Bank. (1AC ¶ 14)

Ms. Marchi alleges that Hudson failed in its duty of due diligence, in effect giving her a loan for which she did not qualify and lending her money she

3

could not afford to repay. (*See* 1AC ¶¶ 18–20) Hudson allegedly relied on Ms. Marchi's stated income and credit scores, but failed to verify that financial information by obtaining her tax returns. (1AC ¶¶ 15, 17) Ms. Marchi also objects to the use of the "GDW Cost of Savings" as an "index for the basis of the loan." (1AC ¶ 16) Hudson allegedly failed to explain to her the workings of the loan, or its "volatility."[4] (1AC ¶ 21)

On March 20, 2003, Ms. Marchi and Hudson entered into a Loan Modification Agreement. (ECF no. 17-2, Ex. D) The interest rate was lowered from 6.625% to 5.625%, with fixed monthly payments of $768.20. It seems that at this time the original principal balance of $165,000 had been paid down to $131,082.79.[5]

In December 2015, Hudson merged into M&T. (1AC ¶ 14) The complaint alleges that Ms. Marchi was never informed in writing that the loan had thereby been transferred to M&T, which was now a holder in due course. As a result, the complaint alleges, Ms. Marchi has been defrauded into making payments to M&T. (1AC ¶¶ 25–33)[6]

M&T has submitted unrebutted documentation that Ms. Marchi was indeed informed in writing of the merger and the transfer of the loan to M&T. (ECF no. 17-2, Ex. A) That letter, dated November 18, 2015, informs her of the merger and the transfer of servicing of the loan.

---

4   The meaning of "volatility" is unclear; this was a fixed-rate loan, which the plaintiff modified one year later at a lower fixed rate.

5   In 2009, Ms. Marchi obtained a HELOC, secured by the same Property, from the Bank of America. (1AC ¶ 23) BOA holds a lien junior to that of the mortgagee. (1AC ¶ 7) The complaint alleges that this extension of credit was based on an erroneous appraisal. BOA has allegedly sued Ms. Marchi in state court, and she has disputed that claim based on the statute of limitations. She asks that BOA be removed as junior lienholder. (1AC ¶¶ 34–38) As noted above, there is no indication that BOA was ever served in this action, and it is not a movant here. I therefore do not analyze these contentions any further.

6   It seems that Ms. Marchi alleges that she was not informed of the transfer of the loan, yet has been making payments to M&T. Perhaps there is an explanation, but it does not appear in the Complaint.

## II. STANDARD ON MOTION FOR SUMMARY JUDGMENT

This motion, originally one to dismiss, has been converted to a summary judgment motion, as contemplated by Fed. R. Civ. P. 12(d). *See* p.3, *supra.*

Federal Rule of Civil Procedure 56(a) provides that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ.P. 56(a); *see also Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Kreschollek v. S. Stevedoring Co.*, 223 F.3d 202, 204 (3d Cir. 2000). In deciding a motion for summary judgment, a court must construe all facts and inferences in the light most favorable to the nonmoving party. *See Boyle v. County of Allegheny Pennsylvania*, 139 F.3d 386, 393 (3d Cir. 1998). The moving party bears the burden of establishing that no genuine issue of material fact remains. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548 (1986). "[W]ith respect to an issue on which the nonmoving party bears the burden of proof ... the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325.

Once the moving party has met that threshold burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348 (1986). The opposing party must present actual evidence that creates a genuine issue as to a material fact for trial. *Anderson*, 477 U.S. at 248; *see also* Fed. R. Civ. P. 56(c) (setting forth types of evidence on which nonmoving party must rely to support its assertion that genuine issues of material fact exist). "[U]nsupported allegations ... and pleadings are insufficient to repel summary judgment." *Schoch v. First Fid. Bancorporation*, 912 F.2d 654, 657 (3d Cir. 1990); *see also Gleason v. Norwest Mortg., Inc.*, 243 F.3d 130, 138 (3d Cir. 2001) ("A nonmoving party has created a genuine issue

of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial."). If the nonmoving party has failed "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, ... there can be 'no genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Katz v. Aetna Cas. & Sur. Co.*, 972 F.2d 53, 55 (3d Cir. 1992) (quoting *Celotex*, 477 U.S. at 322–23).

Here, Ms. Marchi, the nonmoving party, is appearing *pro se*, and has failed to respond either to the motion to dismiss or to the court's order to show cause. "Where the plaintiff is a pro se litigant, the court has an obligation to construe the complaint liberally." *Giles v. Kearney*, 571 F.3d 318, 322 (3d Cir. 2009) (citing *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972); *Gibbs v. Roman*, 116 F.3d 83, 86 n. 6 (3d Cir. 1997)). I have construed Ms. Marchi's pleadings and filings in that liberal spirit, but pleadings alone are ordinarily insufficient to create an issue of fact. If, as here, a party fails to address the other party's properly supported motion for summary judgment, the court may consider "grant[ing] summary judgment if the motion and supporting materials— including the facts considered undisputed—show that the movant is entitled to it . . . ." Fed. R. Civ. P. 56(e). A failure to dispute a party's statement of material facts, however, "is not alone a sufficient basis for the entry of a summary judgment." *See Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990) (holding that even where a local rule deeming unopposed motions to be conceded, the court was still required to analyze the movant's summary judgment motion under the standard prescribed by Fed. R. Civ. P. 56(e)); *see also Muskett v. Certegy Check Servs., Inc.*, Civ. No. 08-3975, 2010 WL 2710555 (D.N.J. July 6, 2010) ("In order to grant Defendant's unopposed motion for summary judgment, where, as here, 'the moving party does not have the burden of proof on the relevant issues, . . . the [Court] must determine that the deficiencies in [Plaintiff's] evidence designated in or in

6

connection with the motion entitle the [Defendants] to judgment as a matter of law.'" (quoting *Anchorage Assocs.*, 922 F.2d at 175)).

### III. ANALYSIS

The Complaint alleges common-law fraud and a violation of the NJCFA. Common-law fraud requires (1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages. *Gennari v. Weichert*, 148 N.J. 582, 610, 691 A.2d 350 (1997). The NJCFA, as relevant here, provides:

> The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice.

N.J. Stat. Ann. § 56:8-2.

The claims in the Complaint may be divided into two components. The first involves alleged fraud in connection with Hudson's origination of the loan in 2001. The second concerns alleged fraud in connection with the Hudson/M&T merger in 2015.

#### A. The 2001 Loan Origination Claims

The Complaint alleges fraud in connection with the loan origination in 2001. Essentially, Hudson allegedly extended a loan that Ms. Marchi could not afford. She faults Hudson for accepting her report of her income, instead of checking her tax returns. In addition, Hudson allegedly failed to explain the mechanics of the loan, and did not diligently assess her ability to handle the payments. I accept these allegations for purposes of argument, although they

7

are unsupported by evidence. The claim must nevertheless be dismissed because it is barred by the applicable six-year statute of limitations.

Under applicable New Jersey law, the statute of limitations for fraud claims is six years. N.J. Stat. Ann. § 2A:14-1; *see also Spera v. Samsung Elecs. Am., Inc.*, No. 2:12-CV-05412 WJM MF, 2014 WL 1334256, at *3 (D.N.J. Apr. 2, 2014) ("The statute of limitations for NJCFA claims is six years."). This action was filed on July 23, 2015; thus any claim accruing before July 23, 2009 is time-barred.

The loan was made in 2001; this action was filed over 14 years later. The loan was modified in 2003; this action was filed some 12 years after that. The Complaint contains no facts suggesting that accrual was delayed, or that the statute of limitations should be tolled. If the loan was unaffordable, or if Hudson unjustifiably relied on Ms. Marchi's self-reported income, that surely was known or could have been known at or about the time of the origination of the loan. Because it was a fixed-rate loan with fixed monthly payments, there was no question of interest-rate volatility. Indeed, the fixed rate was lowered in 2003; even assuming that might have had some lulling effect, there is no plausible allegation that the period of reasonable discovery comes anywhere near falling within the limitations period.

To the extent the Complaint alleges fraud in connection with the origination of the loan, the claim is dismissed as untimely under the statute of limitations.

### B.   The 2015 Hudson/M&T Merger Claims

Ms. Marchi's second set of fraud claims arises from the alleged failure to disclose the transfer of the loan from Hudson to M&T in connection with the December 2015 merger.

There is no evidence sufficient to raise a genuine, material issue of fact as to this claim. M&T has submitted unrebutted evidence that it did inform Ms.

8

Marchi of the transfer of the loan. The letter, dated November 8, 2015, announces the Hudson/M&T merger; tells Ms. Marchi that servicing will be transferred to M&T as of December 5, 2015; encloses a payment coupon; and states the new address to which payments should be sent. Also enclosed is a formal "Notice of Assignment, Sale or Transfer of Servicing Rights," as well as an enrollment form for automatic payments. (ECF no. 17-2, Ex. A)

In addition, and in the alternative, there is no plausible allegation of damages. Damages, of course, need not be pled in detail or quantified with precision, but they are an element of a fraud or NJCFA claim.[7] *See* p. 7, *supra*. The claim here is simply that the mortgage was transferred to M&T by virtue of a bank merger. The plaintiff does not claim to have lost anything. She simply has been called upon to send her payments to a new address. There is no allegation that her payments have not been properly credited, or that she has been subjected to competing demands from two putative mortgagees. In short, the complaint fails to plead that the merger has had any real-world consequences at all, from Ms. Marchi's point of view. It sets forth no factual basis for a fraud claim for damages.

To the extent the Complaint alleges fraud based on events surrounding the 2015 Hudson/M&T merger, the claim is dismissed.

---

[7]   Here, that requirement also has a jurisdictional dimension. Claimed damages must exceed $75,000 to support diversity jurisdiction under 28 U.S.C. § 1332(a).

9

## IV. CONCLUSION

For the foregoing reasons, the motion of defendant M&T Bank, brought as a motion to dismiss under Rule 12(b)(6) and converted to a summary judgment motion under Rule 56, is GRANTED, and the complaint is DISMISSED in its entirety, with prejudice. An appropriate Order shall accompany this Opinion.

Dated: February 14, 2017

                                             _____
                                             **KEVIN MCNULTY**
                                             **United States District Judge**