UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

ANNE MARIE MARCHI,

    Plaintiff,

v.

HUDSON CITY SAVINGS BANK,

    Defendant.

Civ. No. 15-5725 (KM)

**OPINION & ORDER**

**KEVIN MCNULTY, U.S.D.J.:**

By Amended Order (ECF no. 23) and Amended Opinion (ECF no. 22) filed February 15, 2017, I granted the motion of defendant M&T Bank to dismiss the amended complaint, which the court, after giving due notice, had converted to a motion for summary judgment pursuant to Fed. R. Civ. P. 12(d) and 56. Now before the court is the motion of the plaintiff, Anne Marie Marchi, for reconsideration (ECF no. 24), to which M&T Bank has filed a response (ECF no. 25). For the reasons expressed herein, the motion for reconsideration will be denied. Familiarity with my prior orders and opinions in this case is assumed.

The standards governing a motion for reconsideration are well settled. *See generally* D.N.J. Loc. Civ. R. 7.1(i). Reconsideration is an "extraordinary remedy," to be granted "sparingly." *NL Indus. Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996). Generally, reconsideration is granted in three scenarios: (1) when there has been an intervening change in the law; (2) when new evidence has become available; or (3) when necessary to correct a clear error of law or to prevent manifest injustice. *See North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995); *Carmichael v. Everson*, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004). Local Rule 7.1(i)

1

requires such a motion to specifically identify "the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." *Id.; see also Egloff v. New Jersey Air Nat'l Guard*, 684 F. Supp. 1275, 1279 (D.N.J. 1988). Evidence or arguments that were available at the time of the original decision will not support a motion for reconsideration. *Damiano v. Sony Music Entm't, Inc.*, 975 F. Supp. 623, 636 (D.N.J. 1997); *see also North River Ins. Co.*, 52 F.3d at 1218; *Bapu Corp. v. Choice Hotels Int'l, Inc.*, 2010 WL 5418972, at *4 (D.N.J. Dec. 23, 2010) (citing *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001)).

To begin with, Ms. Marchi cites nothing that was not or could not have been raised in connection with the motion. For this reason alone, her motion for reconsideration must be denied. I nevertheless discuss the grounds she raises briefly.

Ms. Marchi objects that I did not consider her opposition to M&T's motion, which was filed on February 10, 2017, but not entered until February 14, 2017. (*See* ECF no. 21) The response was due on February 10, 2017, and it had not appeared on the docket when I filed my original opinion and order on February 14, 2017. When it came to my attention, I immediately reopened the file, considered it, and entered an amended opinion and order. It is cited in the Amended Order, and discussed explicitly in Section III.C of the Amended Opinion.

Ms. Marchi objects here, as she did in her papers on the motion, to the conversion of the motion to dismiss to one for summary judgment. This was properly done, pursuant to Fed. R. Civ. P. 12(d). I specifically afforded Ms. Marchi the opportunity to respond to the motion as one for summary judgment, and she did so. *See* Amended Opinion, pp.2–3, 10–11. Thus the potential error identified in the cited case, *Rycoline Prods. Inc. v. C&W Unlimited*, 109 F.3d 883, 886-87 (3d Cir. 1997), is not present here.

2

Ms. Marchi objects here, as she did before, that discovery is necessary, citing the same items she cited in her opposing papers on the motion. For the reasons expressed in the Amended Opinion, discovery is not required. *See* Amended Opinion, pp. 7–11. The grounds for dismissal—missing the statute of limitations by some 12 years, and the alleged lack of notice of the Hudson/M&T merger—do not require further development in discovery.

Ms. Marchi's citation of *Rahim v. Sottile Sec. Co.*, 32 A.D. 3d 77, 817 N.Y.S. 2d 33 (2006) is unavailing. This authority is not controlling in this jurisdiction. At any rate, it is not on point as to the issues—it involves the situations under which a party may by contract assume a tort duty of care.

Ms. Marchi faults M&T for failure to comply with N.J. Ct. R. 4:5-1(b)(2) (disclosure of related litigation) in the state-court foreclosure action. Assuming it occurred, it would furnish no basis for vacating the dismissal in this action.

## ORDER

For the foregoing reasons,

IT IS this 24th day of April, 2017,

ORDERED that the motion of the plaintiff, Anne Marie Marchi, for reconsideration (ECF no. 24) is DENIED.

**KEVIN MCNULTY**
**United States District Judge**